We'll call the next case. Mr. Sokin, you may proceed. May it please the court, counsel, my name is Christopher Sokin and I represent the appellant Kenneth Doyle. The issue in this case involves judgment on the pleadings that was entered after Mr. Ken Doyle, pro se, filed a letter that he sent to opposing counsel in the court of Marshall County that was used as the basis for judgment on the pleadings and then a subsequent 1401 petition that was filed relating to that judgment on the pleadings. Unfortunately, I put a footnote in my brief regarding a case that was before the Supreme Court pending this appeal and it was decided that it was the Warren County Soil and Water Conservation District v. Walters which was argued before this court and then taken up to the Supreme Court and sort of changed the issue and there's a lot of things in the briefs now which I believe in light of that decision are no longer applicable. That decision clarified a number of issues in the appellate courts regarding the standards of review for these petitions, when they arise under certain facts, is it an over-review, is it an abuse of discretion review, do you have to raise due diligence, do you have to raise a meritorious defense, and the first issue that is put to bed is what is the standard of review. In my brief, I cited a number of cases that showed the distinctions among the districts about what the standard of review was. The Supreme Court has now clarified that issues that are purely legal errors that are raised in 1401 petitions, those are reviewed de novo and that is what we have in this case, are pure legal errors. Whether or not judgment on the pleadings was proper, what is the proper statute of limitations for an oral loan. Those are both purely legal errors and those would be applied to de novo review. Similarly, the court addressed whether or not there needed to be a diligence component, whether or not there needed to be a meritorious defense component to these. The court implied that when there's legal errors, those two issues are not necessary. Basically, the reason being, if it's meritorious, the legal error is going to be decided whether it's meritorious or not, it's either correct or it's not. There's no issue of whether a factual defense raises something that might be good, it might not be good. It's just a plain straight de novo review, did the trial court get this right or wrong. Same thing with the diligence effort. We trust our trial courts to follow the correct law and do the right thing. Having the litigants tied to a diligence standard of whether or not the trial court got it right isn't an issue. So there's a- So when does the statute of limitations start to run on an oral contract? Great question. The issue in this case is, since it's not written down, since the person who made it is deceased, and that by the appellee's own admission of the complaint, they don't know when it was made. They say at some point prior to July 1994. My question is, on any oral contract, when does the statute start to run? Generally, it's five years, but in this case- From when? In this case- No, from any case. Just generic, let's go back to law school. Sure, when the promise- On any oral contract, at what point does the statute start to run? When the promise to perform would have passed. And in this- In other words, upon a breach. Correct. And in this case, when we have an unwritten oral loan, that was made when the person is financially able to pay. That's the critical distinction in this case, is what does financially able to pay mean? Because that would be the breaching event, was if I came into millions of dollars, why am I not paying? Now you should be able to pay. That's the issue in this case, because Mr. Doyle, when he had his letter that was filed, said, number one, there were never any repayment terms at all. There was no discussion of when it was going to be repaid. When my mom died in her will, she didn't mention it. I don't even know if it needed to be repaid, that there was never any interest to be repaid. But the promise was, when I am financially able to start making payments, I will make those payments. The trial court decided that this was an oral loan, it's payable on demand. But that's not what the case law in this circuit or the state of Illinois holds. What it holds is that when you make a promise to pay when you're financially able, it starts when a reasonable time has passed for you to make those determinations that you're financially able. Now obviously, that's a factual question. We can't decide when someone is, as a matter of law, financially able to make those payments. And that's what the cases hold. The Hurt case specifically had that issue of when does this payment start? And they said, well, that's a question for the jury. The jury has to decide when a reasonable amount of time has passed. Mr. Lee Doyle, the appellee, has stated, well, this was payable on demand. There's nothing in the record to suggest that it was payable on demand, because there's basically nothing in the record. Like I said, it's an oral loan. The person who made it is deceased. So the only evidence that's coming in about this loan is what Mr. Hind Doyle put in his letter that he wrote to counsel that was later filed with the court. Which is this one page letter, which is on appendix page four. This was later filed with the court after he sent it to Mr. Culver, Mr. Lee Doyle's attorney, and he says, he does acknowledge that the loan was made. But he also states there were no loan documents drawn up at the time, at any point. There was no provision for a repayment schedule, and then when his mother set up these other estates, these other trusts, and had her last will and testament, there was nothing in there about her owing, or the estate, leading him to conclude he doesn't know what she thought, and that his opinion would be, based on the amounts of money that were given to his other family members, that she just forgave that. That is the only thing that's in evidence about the terms of this loan, is what Mr. Ken Doyle admitted to, and that is what the judge is basing judgmental cleanings on, solely on this letter. Well, he concedes in the letter that there was wrong, that she loaned him the money, and the agreement was that he'd pay her back. He absolutely does. He says that, and that the agreement is, when I'm financially able to do so, and I'll pay it back. But when those trusts are distributed, he's going to be financially able. No. No? No, because Apple Lee has actually taken the money from that trust as partial payment, and he's still in default on the rest of the money. So, the question, what you're getting at, then, judge, is the fact question that the court decided as a matter of law. When is he financially able? The court made no finding at all that he was financially able. If you look at the order from the 1401 petition, he says, the statute of limitations is not a good defense because this loan was payable on demand, which is just, is not the law. Well, let's talk about the statute of limitations defense. That is an affirmative defense, right? It absolutely is. And it wasn't pled below, right? Well, there's an interesting question there, as well, because- It's kind of a yes or no question. Yes, it will. It depends what you want to have, because the Apple Lee's want to say that this letter counts as a formal pleading, that this is an answer. This one-page thing that if I signed my name on it, I'd be held in contempt. It's not to perform a pleading of the court in the Code of Civil Procedure. So it's your position that you can avoid judgment on the pleadings by just responding to a complaint with some kind of nefarious letters or something? Absolutely, because then you could hold me in default for not properly doing so, which the judge could have done. And in fact, in the order in which he entered judgment on the pleadings, he said you have until X date to file a formal answer, which he did, which is a formal answer. So does the formal answer contain affirmative defense? The formal answer, which is here, looks like a formal answer. It's not simply the letter. And he states that they had an oral agreement regarding the loan and that there was no due date to be paid when the defendant was financially able to make principal payments. Now, is there a heading that says it's an affirmative defense? No. Saying there's no due date, saying the loan's not payable, is a far different thing from saying that the plaintiff's cause of action is barred by the statute of limitations. Those are the underlying facts that would establish the affirmative defense. If we put forth an affirmative defense that said the statute of limitations had passed, the reason we'd have to put it in there is because there was never any due date. The argument that if it's not payable yet, the statute hasn't even started to run. Correct. And that's the other issue. So that's an entirely different legal matter than saying the time has come and passed, and now it's too late for him to sue on it. You're absolutely right. And those are two issues as to why the ruling on the judgment of the pleas was incorrect. Because if it hasn't come due yet, why are we entering judgment on the pleas? If it isn't even due yet, how is this even right for adjudication? So that's the one side to it. How can the trial court look at that letter that says there's no due date, and there was no loan documentation, it's to be paid when I'm financially able, and he makes one of two decisions. One is, well, it's due now, and it's payable on demand, so I'm going to enter judgment on the pleadings. But that's not true, because he says there's no due date. Then the other decision would be, as you said, well, how is it even due yet? We don't know that either. Those are both two incorrect legal errors tied to entering judgment on the pleadings. Because there's no admissions or denials until Ken Doyle files here, where he says he agrees to the various paragraphs in the complaint. That doesn't happen until a month after he enters judgment on the pleadings. The order says I'm entering judgment on the pleadings, and you're ordered to file an answer later, which makes no logical sense, which is why I said he could have defaulted. If he thought that wasn't an answer, he could have and should have defaulted and said, hey, this isn't an answer. You need to admit or deny these allegations as required by the Code of Civil Procedure in numbered paragraphs matching what the complaint is so that I can decide if there actually is a true issue. And when he does actually find it, he puts in here that number eight, it was to be paid when the defendant was financially able to make principal payments, and that there was no due date. That should have signaled to the trial court that there's an issue here with whether it's even due at all or whether the statute's passed. Well, what did your client file in response to the motion for judgment on the pleadings? Nothing other than that letter. He received his complaint, and he had the letter, and he sent it to opposing counsel. And he tried to give it to the trial court to say, I'm appearing here to defend myself. I'm not in default. I'm showing up. So he sends it to the trial court. There's an entry of an order saying, well, you didn't pay the appearance fee. We got your letter, but you're not even having appeared, so we're not going to do anything if you file an appearance fee. He files his appearance, and he gets a file statement. That is what was used as the judgment on the pleadings document, solely that letter. Because when you do judgment on the pleadings, you don't consider what the allegations of the complaining party are. Other than how they're admitted to by the responding party. That's the sole issue, is what does he admit to? Is this a formal pleading? And if it's not, then he can't enter judgment on the pleadings if it's not a pleading. I mean, so it sounds like your argument is it should have been a default judgment instead of a. It could have been, but you're going to have a hard time defaulting him when he shows up repeatedly. If he doesn't do it correctly, yes, but if you're just defaulting him for not showing up, no. He's showing up, and he's trying to defend himself, and these are the problems we run into with pro se petitioners. Unfortunately, they do the best they can. He's done better than some I've seen by actually laying out the facts of what he's defending. Now, he doesn't say, this is my affirmative defense, but he makes clear in here that there's no due date, and it's only to be paid when I'm financially able. And I'm either not financially able now, and I don't know what she meant when she died, and there's nothing in there about me owing this money back, because that's an issue not to be swept aside. There's nothing in the pleadings to establish when the loan was even made. It was an honor before. That was it, and the honor before was in 1994, and at no point while Mary Lou Doyle was alive, did she ever start litigation, did she ever try to collect any money. It was only after she died, and there's no documentation of the loan, and she's not around to say whether she agrees with it or not, was suit filed. That's a long time in the past, and if we're on a five-year statute, the earliest, or excuse me, the latest that the complainant could have filed to meet that statute would have had to have been in 2008 to meet the five-year statute, to be filed in 2013. So if he was financially able at any point prior to that, then the statute of limitations is expired. If he'd been able to make payments or they'd been coming after him. Well, I know, but the point of it is he didn't raise that argument in the trial. I believe he did, Judge. I believe he did. I believe he does when he says it was a principal-only loan, no due date to be paid when the defendant was financially able to make principal payments. Well, what we're charging. But he didn't say, he didn't follow up with that and say, by the way, I was financially able in 2003. And so, there it is. No, he didn't. He did not. He didn't say when he was, because that's a fact question for the jury to decide. Well, first of all, you've got to plead the facts. He did plead the facts. He pled the facts. He didn't plead that he was financially able. He didn't even plead facts that would put the court on notice of a statute of limitations offense. He pled facts in response to the summons that he received stating there was a loan, but there were no loans, at some point in the past, there was a loan. He readily admits that. But there were no loan documents ever drawn up. There was no repayment schedule. Which then triggers the, well, when does it actually have to be a repaid issue, which is the financially able question of fact that he gets to. He puts those facts at issue. I think what we're requiring, we're putting a promising litigant. A promising litigant is held to the same standard as opposing counsel. Not enforcing a loan petition. There is certainly case law to relax that standard in cases where we think that he's been wronged in a certain way. And in this case, we have $120,000 judgment. Well, how has he been wronged? He admits he borrowed the money from his mother, and he admits he never paid it back. And now there's money out there. So how has he been wronged? But if he's never had to pay, if he's never obligated to pay it back, then he's been wronged. If his mother passed away, and he can produce some testimony from someone who says, well, here's the way the money was split up between the family. It seems to me that she must have forgiven that because everyone else got more. A jury would be entitled to hear that and judge that and say, well, maybe he doesn't owe it. Or they'd be entitled to hear that since she, a 214-01 petition, would have been a great time to have offered that evidence. And that was discussed at the hearing. And in response, by the appellee, when they raised these issues about, well, the letter is a pleading, and it's a formal pleading, and it should stand for purposes of judgment of the pleadings, but he didn't duly raise the affirmative defense. He can't have it both ways. If this is a pleading, then the fact that he raised these issues about, well, it wasn't due, and there were no repayment terms, we've got to give him the same benefit of the doubt that those are the affirmative defenses. Why would we treat this as, well, these are admissions only. This is an answer only, even though they're not numbered, even though they're not admitting or denying specific paragraphs. But we're also going to say, well, the stuff in here that we could attribute to an affirmative defense, that's not a pleading. Well, the loan's not, I didn't breach the contract. It's not an affirmative defense. It's the plaintiff's burden to prove the breach of the contract, right? Correct. So that there was not payable. The loan wasn't payable yet. It's not an affirmative defense. It's a defense, but it's the plaintiff's burden. On the other hand, a statute of limitations is indeed an affirmative defense. For example, they say the loan was payable, and you say deny. That's all you've got to do is deny that they breached the contract. On the other hand, to say that, well, okay, I breached it, but it was a long time ago, and it's too late for them to do it, or if I breached it a long time ago, that is legally an affirmative defense, and that must be pled. Correct. But what does the sufficiency of pled mean in this situation? Well, I think in Illinois, it means that you at least plead facts, and it's pretty clear that if you're going to raise an affirmative defense, you must indeed raise it. And I can't find an affirmative defense in there. The law is also clear, Justice, about what an answer has to be, what it has to be to consider a form of a pleading in the Code of Civil Procedure, and this is not it. And if that's the case, how are we going to enter judgment on the pleadings if this isn't even a pleading under Illinois law? And that's the whipsaw that Ken Doyle is being put in here, is that while he files this document that is clearly not an answer under Illinois law, if I file this and put my name on it, it's not an answer. It just isn't. It lays out some facts. It doesn't admit or deny anything. But we're going to treat it as an answer in order to hold him to this $120,000 judgment, because it lays out some facts in here that we think we can hold him to, but we're not going to hold him to the facts that raise the affirmative defense, because he's pro se, and he's ignorant of how to formally raise it. I think if he puts a heading in here that says affirmative defense, there was no provision for a repayment schedule, that's not an affirmative defense. That's facts. Those are facts that raise that it's not due yet. And it should signal to the trial court that there's an issue about when it was due, which is it is an affirmative defense. When it is due is the statute of limitations. And are we going to hold this pro se person to this higher standard of, well, your letter is good enough, but your affirmative defenses aren't good. Because the answer, these are affirmative statements all in here. This isn't an admit or denial. This is this letter's in response to the summons. These are all affirmative statements. I acknowledge that she made the loan. There were no loan documents. There's a leap of logic between holding these as affirmative admissions or denials of what's in the complaint to we're not going to hold them as affirmative factual statements to set up a statute of limitations defense. Thank you. Does the complaint allege any due date or any language or agreement in the underlying promissory note or agreement? Does the answer, both the more formal one and the letter, either one of them say that anything about him having been in default or not, she asked, he didn't pay, or he felt at one point he had the ability to pay but chose not to pay. I mean, that's. There's nothing, Justice. And the reason is because they waited until the person making the loan died. And that evidence died with her because it's an oral loan. All that the claimant can go on to establish in their case is what Ken Doyle admits to because Mary Lou Doyle is dead. If he just says, deny, deny, deny, deny, deny, Degenberger proof, they lose because there's no evidence they can bring because she's deceased. So there's nothing in the complaint that actually says it was due. And that's the issue that the trial court got hung up on when they said, well, it's due on demand. But that's not the law in Illinois. That's not the law when the person says, it was to be paid when I'm financially able to do so. The trial court should have seen, well, hey, I can't enter judgment on the pleadings because it's a fact question of when it was due. And it's a fact question of if it was due on X date, the statute of limitations has expired. So there was nothing for the trial court to justify entering judgment on the pleadings because of that issue with the due date. And it's one of the two issues, either if it's not due, why am I entering judgment on the pleadings until no one's proven that it's actually due? Or when we do prove the due date, why am I entering judgment on the pleadings if he raises these issues that bring about the statute of limitations defense? And now with the Warren County decision, is what you're saying that you think now because these were legal errors that were made by the entry of this judgment that the due diligence requirement is either relaxed or alleviated because of the nature of the legal error in entering on the reasoning of the judge saying that he found that it was due on demand? And so that's the, you're saying that if the question came to whether or not there had been due diligence, that we don't need to reach that because it's a purely legal error that was made? Correct. The Warren County versus Walters case was distinguishing the Vincent decision in the Supreme Court in which there was a de novo review of, I think it was a sua sponte dismissal, a 1401 petition. And they said, well, what about diligence? What about meritorious defenses? In this case, they said, well, those don't matter. And that was the distinction in Warren County. Warren County was a factual defense. So you have to raise diligence. You have to raise facts about a meritorious defense. But obviously, when it's a question of law, meritorious doesn't come into play. It is or it isn't. It's either wrong or it's right. So I think the court's point in that case was we review these things de novo because when it's just legal questions, like a summary judgment motion or something where we're only reviewing what's in the court file, we don't need to get into whether  Same thing with diligence. There's no need to hold a trial judge to diligently understand the law or make the right ruling other than if you've got two years under 1401, you file it in time, and that's the standard. Now, the factual defense, if we were making a factual defense, then you'd be correct that we would have to raise those things. And obviously, they're raised in both parties' briefs because at the time, no one knew when the decision was going to come down. I argued that case, which is why I didn't put it in the footnote, that it was probably coming. But obviously, both parties briefed it without having knowledge of the law. And now that we're here in the interim, the law has changed. These trusts that are set up that your clients have beneficiary of, how much money is involved in those trusts? I believe the one that has been collected was about $50,000. Is there another one? I'm not sure if he's beneficiary of some of the others or not. I'm sure opposing counsel would know that better than I would. Thank you. Mr. Cover? Mr. Court, my name is David Cover, and I'm the table here is Stephen Vogel. He's co-counsel with us on behalf of the appellee. The reason we're here today, as far as I understand, is that this is an appeal upon the court's denial of the Section 1401 petition that was filed by Kenneth Doyle. We're not here on the motion for judgment on the pleadings. Kenneth Doyle had the opportunity to appeal that decision, which was rendered on January 22nd. He decided for one reason or another not to appeal, even when he was given the opportunity to file an interlocutory appeal under 304A. The case here involves a great deal of involvement by Kenneth Doyle from day one. And I would point out that the reason or the purpose of the Section 1401 petition is to set forth facts that were not known prior to the judgment. And had those facts been known, the judgment would not have been rendered. And according to case law, there are four points that all have to be adhered to to withstand or to prevail on a 1401 petition. One is that there has to be a meritorious defense. Two, there has to be due diligence in learning about or knowing and promoting an affirmative defense. There has to be due diligence in actually filing the 1401 petition. And there has to be a mandatory item of filing an affidavit, setting forth some reasonable excuse for your neglect. You can't have negligence, but you have to set forth some sort of excuse for why you didn't bring the affirmative defense up within due time. The meritorious defense is quite simple because we don't have a written instrument. We have oftentimes oral loans, and that's what we have in this case. The complaint is very simple. It says, your mother loaned you money. You didn't pay it back. He admitted that. Now, But your complaint doesn't allege that the estate knew what the terms of the loan were? That's correct. The money was loaned and has been paid back. Demand was made for the payment and was refused. But really, you didn't know whether or not that demand was timely under the terms of the loan. If it wasn't, because it was a demand situation implied from the fact that there was no written note with a due date, then the only logical conclusion would be that it is on demand. In other words, to create a cause of action, there would have to be a request for demand of the person who borrowed the money to pay it. And upon agreement to pay it, there would be no cause of action. Upon refusal to pay or inability to pay, that would create the cause of action, which would then commence the statute of limitations of five years. That supposes that there were no terms other than here's the money. That's correct. It's a loan. But that is a guess on your part, isn't it? It was an allegation, yes, because Mary Lou Doyle, who has since passed away, did not make the demand. And she was not the plaintiff. It was the executor for her estate that did. So the allegation was made, but it was admitted by Kenneth Doyle. And so... The allegation that it was due on demand was made? No, the allegation that it was due and the allegation that it was loaned... I think it said that your client demanded the payment. Yes. I think he said yes, he demanded it. But I don't see that that was an admission that that was... That he had the right to do that under the contract. Under the oral contract. Right, that it was right for the demand to be made. I don't see that he admitted that. I mean, your allegation was that your client demanded payment and that he didn't make any. But I don't see an admission or an allegation that he had the right under the terms of the contract to make the demand. Or an admission that he had the right to make the demand, which I refused to pay. He said, well, it's the only logical thing when it's an oral contract. But we have heard that, no, the terms of this contract were, when you are able to pay, pay me back. And since they are mother and son, that seems very reasonable. Which, at the time of her death, and it appears even afterwards, that he didn't have. So the demand, I think, would take more than just your conclusion. And I don't think it's an admission just because he said, yeah, he demanded it. That doesn't mean that that triggers the statute of limitations. Or triggers the fact that it's due under the contract. Well, perhaps not, Your Honor, but that would be for Kenneth Doyle to raise. All the allegations are in the complaint, which were quite simple. It simply states that Mary Lou Doyle loaned him $120,000. No written promissory note or other written documentation was ever prepared. Ken has acknowledged the fact of the loan. And on September 12, 2012, Lee, the executive, demanded of Ken to repay the loan. And so Ken has acknowledged all of that. That he did not pay it. That the demand was made. But I think you have to plead and prove that it was a term of the contract that, you know, it's due when I demand payment. And I don't see that that was... Well, if there's no written contract, that would be an impossibility, Your Honor. In the sense that if there is a loan to a child, for example, and it's not considered to be a gift, then there would be no terms to allege. So that is just not... When you sell this year's grain. Or when your daughter goes to college, or graduates from college, and you have more money. I mean, you know, just to say that there couldn't be any terms just because it wasn't written down somewhere. That's not... I mean... Well, again, Your Honor, that would be for Kenneth Gould to bring up. Because... No, no. Actually, I would like to ask you that... Go ahead. In this case, it's a problem that you have. Because the judgment you received was a judgment on the pleadings. Yes. So you have to show for judgment on the pleadings that any... And you're taking this as your answer to the... And you're taking his letter dated December 4th, filed January 2nd as the answer, right? Yes. For the judgment on the pleadings. Yeah, that's what you have to do. The judgment on the pleadings. The judgment on the pleadings has to be clear that just from looking at the pleadings, you're entitled to a judgment. And that's where I have a problem when I look at your complaint. And then I look at the responsive letter. I don't see all the elements necessary for that judgment on the pleadings. And so the meritorious defense that you referred to before has to be a meritorious defense in the case. And you're referring to it as, well, he hasn't raised all these other things on the contract. Well, isn't it a meritorious defense if it was an improper judgment on the pleadings that was rendered? It's a meritorious defense to a judgment on the pleadings. A judgment on the pleadings has certain requirements. Before that can be entered, those requirements have to be met under 615. And when I compare your complaint and this, I'm not seeing where a judgment on the pleadings was the appropriate thing to enter at that time. That's a difficulty I'm having. A judgment on the pleadings is sort of stuck in 615. It's sort of different than most 615 motions. But, you know, when I'm looking on judgment on the pleading case law and the pleading that we've had in Illinois for a long time, I'm comparing the two, and I'm wondering how you get to a judgment on the pleadings based on comparing taking this December 4th document as an answer, looking at your complaint. As a matter of focus, we're not here on an appeal from the grant of judgment on the pleading. We're here from the denial of a 214.01 petition, correct? That's correct. And what was raised in the 214.01? Where's the pleading or evidence of due diligence? In other words, there was something that was raised in the 214.01 that couldn't have been raised at the time of the judgment on the pleadings. This is not an appeal from the judgment on the pleadings. It's not. Not before this court. So where's the due diligence on the part of the petitioner on the 214.01? There is no due diligence, and that is the point, Your Honor. I feel that the appellate here has disregarded the very thing that he's appealed under the section 14.01. That's why they're here. That's the basis of their appeal, and they have the burden of showing that they have fulfilled all four of those elements, and they haven't shown any of it. And the meritorious defense that they're arguing has nothing to do with judgment on the pleadings. It all has to do with the statute of limitations. They've come to the oral argument today. Now they're starting to argue about something completely different that's not before this court. They're alleging a legal mistake on the part of the judge or something like that. In fact, some of the things were raised in the reply brief which are not even replies. So I'm here prepared to make an argument to the argument they asked to have based upon why their petition should not, petition under 14.01 should not have been denied by the court. My argument is why the 14.01 petition denial was appropriate, because not only does Kenneth Doyle have to adhere to those four-point tests, he hasn't adhered to one. He could adhere to three, but if he doesn't, the fourth one, he still fails. But he hasn't adhered to any one of those 14.01 points. If he had the desire to appeal what went on with the judgment on the pleadings and the fact of the judgment, I want to point out to the court that he was in court on January 22nd, signed his name to the bottom of the judgment order. He was there allowing the judgment against him for the $120,000, and his point was to bring to the court a factual issue based upon the fact that he should not have paid interest. That it was either an interest-free loan or if it wasn't that, then he was given a gift of no further interest to have to be paid. And that's why I'm here for the argument, because I'm here for what was brought on appeal. It said earlier that a 214.01 petition can only allege facts not known, but that isn't always true. You can bring a 214.01 petition to allege that a judgment was legally defective. Possibly, but they didn't do it. They chose that the meritorious defense is statute of limitations. Judge Keith, the trial judge, stated no, does not pass muster. Statute of limitations does not apply in this case. So they're just as negligent as can be, in the sense that they had the duty to bring these things up that were more meritorious defenses. They chose one, there might have been five, but they chose one. It's not our duty to help them along. So, in this case, Kenneth should not have any relief with the reason that he was involved in this from the very beginning. Now, when he sent the so-called letter, the opposing counsel said that the letter was sent to me and I did not receive it. The reason for that is that when I went to the court and was in the record, I asked for a default judgment. Judge Shore, who was then the trial judge, stated we have this document that was sent to the court, and I'm not going to give you the default judgment. And so, since I had not seen this, he stated I'm not going to make this a matter of court record, this is in the record as well, until and unless he pays a filing fee. At that point in time, this so-called letter that they're referring to, and I call it a pleading or at least a court record, which has a great deal of importance, Kenneth Doyle had the choice of calling it a letter or he had the choice of deeming that to be a pleading or part of the court record. The decision made on that had to do with whether or not he was going to pay the filing fee. Because it states in the court record and the court order that if you pay the filing fee, it will be part of the court record. If it was merely a rhetorical remark on a piece of paper, he wanted to call it a letter, that was his choice. He didn't have to pay the filing fee, it was not part of the court record. But he chose independently to deem that a pleading and part of the court record and to assist him in the defense of the litigation by paying the filing fee and thereby making that a matter of court record. As the court shows, he lives approximately 150 miles away. He drove 300 miles round trip to come to the court on January 22nd after he was noticed that this was going to be a hearing on motion for judgment on the pleadings. He was there, he acknowledged everything, he signed off on the judgment order and the court stated what it finds to be a factual issue being the interest issue because in that so-called letter or that document, he mentions three times in that document that I shouldn't have to pay the interest. He bypasses the obligation issue, doesn't say I'm not obligated because he's admitting that he does obligate it, and he reaffirmed that by the so-called response that he filed later on when he filed an elaborate two-part affirmative defense. He reiterated in his response exactly in chronology directly admitting each and every allegation of this complaint. In that response it was filed on February 13th. He didn't have to file that because I believe that that first document that he filed and made the choice with was his answer, but he shouldn't complain because he filed in that response a direct admission as to each and every allegation made, even the fact that a demand was made. The only thing he did not admit was the issue of payment. How he would prove that I don't know, his mother was deceased, did man's act, if he's going to say that the agreement was such that I'm going to pay only when I can or I can afford it, that would be his mount and decline and how he could prove that I don't know. Well how would you, conversely, how would you prove that he was, you know, that there had been a demand by the mother or that she had told him she wanted him to pay and that he had refused. I mean it was a mount and decline on your side too. I'm sorry, yes well in response to that your honor, the money was lent, had received, and Ken Doyle owed the money at some point in time and somebody had to trigger the point in time where a cause of action arose whereby he then owed it. And so therefore if there are no terms, the terms would be very very simple, it would be that we ask you to pay the money and if he refuses, that's what triggers then the cause of action to then commence within five years a complaint against him to get the money back. If he feels there are bells and whistles or other aspects of that arrangement between him and his mother, he'd have to bring that up himself in an affirmative way. When was it due? When was the money due? There is no due date set forth. So what triggers the fact that it's due now? The demand triggers the fact that it's due. In the case of Schreiber v. Haskell, Hackett rather, what I cited here in the brief, stated that upon demand that is when the cause of action occurs whereby he has the legal obligation to pay on the demand loan. Because that would be a precondition to his really owing the money currently. You could let the person go on for 10 or 15 years and not demand the money for many reasons and so you really don't have the opportunity or the legal right to sue him. Was it a demand loan? It would have to be a demand loan only because there was no written documentation to indicate that there was a due date. So then logically it would have to be on demand that the obligation would be upon Mary Lou Doyle or her estate to then seek election which would be the precondition to a determination if there was a default at all. And that default would be refusal or inability to pay. It's like, let's say, well, pay when you're able, right? Well then you say, we say you're able, we're making a demand, pay it. Well, I'm not able, I'm not paying it. Okay, then you sue and then fight it out, right? Fight it out at that time. Kenneth didn't do anything about it. He proceeded ahead, he was completely pro se, but he had the opportunity to have legal counsel there by his side and bring these things up, but he didn't. And that goes to the very due diligence aspect as to any meritorious defense. Meritorious defense, they brought up the statute of limitations, but if they even wanted to bring that up, they had the duty to do that. So we go all the way back to the 1401 requirement that he has to exercise due diligence. He just didn't do it, he's here to get another bite at the apple. I just have one final question. How do you see the Supreme Court's decision in Warren? Do you think it has any impact on the considerations for a legal issue and the being sort of alleviated to have to prove the diligence aspect? No, I don't see any connection there at all. With regard to the due diligence aspect, that still is an abuse of discretion situation, and this court would reverse Judge Keith's court order only if there was an abuse of discretion on his part as to his interpretation of failure of due diligence. As to the legal issue, that would be to know who I would agree, but the legal issue brought up was statute of limitations, not the judgment on the plea. That's what we have before this court on appeal is the statute of limitations issue, and the trial judge didn't buy it, so that's why we're here today, not on the motion for judgment on the plea. In fact, I noticed it was never even addressed by opposing counsel, and that's why they appeal. Well, on a 1401, before you even get to a meritorious defense, you've got to jump the due diligence hurdle, right? Due diligence and filing the affidavit as to what's your reasonable excuse for not bringing these defenses up? We don't know what his defenses are, if he wants to even bring defenses, but it's up to him to bring affirmative defenses, but if he's not going to do it, then he's got to explain was he in a coma, was he in a foreign country and he couldn't get out? What was his excuse for his failure to bring these affirmative defenses up when he was supposed to do that? And now he's complaining. Why is he complaining? We should be complaining. What are the other affirmative defenses you're referring to? There were two affirmative defenses that were brought forth by Kenneth, and he filed a very elaborate set of affirmative defenses with supporting documentation, a partnership agreement, letters from opposing counsel, also there was an affidavit by Elaine Eartley, that was all painstakingly put together by Kenneth to support his affirmative defenses, so he admitted that he owed the money. So he went beyond admission of owing the money, and it's affirmed by the fact that he signed off on the judgment on January 22nd. He went to the next step. His concern was, I owe the money, and you can take a judgment against me for the $120,000, but I don't owe the interest, because my first affirmative defense is that it was a principal-only loan. I didn't have any interest attached to this loan with my mother. Or, if that doesn't work, my other affirmative defense is that my mother forgave the interest at a later time, and he supported that allegation as an affirmative defense by attaching some elaborate documentation, which I had to put in my supplemental appendix, because that was not included with the appellant's appendix. And my last question is, the judgment reserved one of the issues? Yes, the judgment reserved the issue of on the interest only. So was this a proper 304A? Well, I don't know. I thought it was very nice of the judge to provide him with a 304A, because we probably wouldn't be here today if that had not happened, because we'd be back in Marshall County litigating the interest issue. But the judge took it upon himself to give him that opportunity to go ahead and appeal on the 304A, which would probably be arguing some of the things that were brought up today, but he didn't do it. But is it a proper 304A? I didn't think so. I really feel that the entire matter would not be a final appeal order until after both the judgment on the principle and Ken's affirmative defenses are disposed of. But that's just my own opinion. Thank you, Counselor. Thank you. Thank you, Mr. Culver. Mr. Stokin for rebuttal. Justice Carter's point about the 304A finding that Counsel just said he doesn't think is a valid order, that means that that judgment is void. No, it doesn't. Sure. The judgment is not void. The 304A finding, it may not be a final order. That doesn't make it void. It makes the 304A finding, which means that maybe when this thing is all over, he can appeal that. But to keep our focus, today we're here on a 214-01, right? And so my question to you is what's the evidence of due diligence that anything he's brought up here, why couldn't it have been raised in response to the – and by the way, I suppose if it wasn't a proper 304A and therefore that judgment on the pleadings wasn't a final order and a final judgment, then a 214-01A is improper because there's no final judgment to attack. That's absolutely right. It would be appealed directly on the merits. After we're all done. That's correct. So – But – The bill is just sitting down there and nothing's getting done. It certainly is. There are a number of procedural issues here that are very questionable. Your issue about the due diligence, though, that's not an issue anymore in light of Warren Count. If it's a legal error, diligence isn't an issue. Why would diligence be an issue to prove that the trial court got the law wrong? Well, I'll tell you why. Because there's got to be an end to the appeal process. So if you think there's a legal error in a final judgment, you appeal it. And then you can't say just, well, two years later, decide, you know, I think that judge was wrong. I'm going to file a 214-01A. Well, why couldn't you raise it then? And so to suggest that Warren County means that legal errors in judgments are always appealable, notwithstanding due diligence under a 214-01A are always attackable, I don't think that case says that at all. I think they explicitly say that, Judge. They talk about the decision in Vincent and say in that case they challenged the judgment for being void. And they said the challenge for voidness is a purely legal error, and he does not have to raise diligence or a meritorious defense because it's a pure legal error. A void judgment is always attackable. You can attack a void judgment 30 years from now. Certainly. And so when you're dealing with a void judgment, that's true. But that order was – and I say this is probably a tempest in a teapot because I'm not sure – the more I sit here and think about this, that we've even got jurisdiction to hear any of this stuff. That the 214 – that wasn't a final order because it was a contract claim, and it's got to be final as to at least some part of it, you know, these other issues. Well, there's no final judgment on the contract claim because the issue of interest hasn't been resolved. So therefore, the 304-A was improper. It doesn't make the part of the order otherwise void. It makes the 304-A finding a nullity. Therefore, no final judgment. Ergo, there's nothing to attack in a 214-01-A, and therefore, here we sit. Correct. And then we'd be back at the issue of, well, if that original judgment of the pleas can still be attacked on the merits, which I say it can't anyway. Some other day. Some other day. But it was raised in the appellee's response to the 214-01 petition, which was their motion to vacate and strike, and it was raised at the hearing. And if you look at the judge's order in the 214-01 order when he denies it, he says that it was payable on demand. That's the legal error that the judge was operating under, was that it was payable on demand. In the Warren County case that reference is made in your answer to the questions to Justice Smith, Warren County goes into great detail to distinguish Vincent and to avoid a misinterpretation of Vincent, despite the clear language of Vincent, with all due respect, and say that the old equitable principles that we acknowledged a few years before that were not cited by Vincent are still in play from the jurisprudence of the 14-01, the old 72, and the foreign notice, foreign votes. So all those equitable principles are still at play according to the Warren case. And so is that what you're talking about when you say that due diligence is lessened? Is that discussion in that case? It is, and there's two issues. But the reason I'm asking that is because in that discussion, they haven't abandoned all these things, but they acknowledge some equitable exceptions. And those cases that talk about that, they're not always clear. Isn't that right? Well, they're certainly not clear because it went all the way to the Supreme Court to straighten it out. Yeah, and the case of that whole line of authority, even from the Supreme Court, it's not clear when you can avoid the due diligence and when you can't avoid the due diligence in the factual circumstances. I can't point to something and say, well, that's diligent and that's not. That's why the court in Warren County said, well, when you have a factual challenge, which diligence is a part of that, it has to be an abuse of discretion because we're not going to sit on appeal and try to figure out what is and is not diligent because then you're getting another bite of the apple no matter what. You're getting a de novo review every single time. Well, if a 304A was improper because it wasn't final as to some full part in the contract, then that order is an interlocutory order and you don't attack interlocutory orders in 21401A. So this has been a charming chat we've all had here today, but I'm thinking, I'm coming to the conclusion it's all been for naught because there's no jurisdiction. You're correct. If there's no jurisdiction, it's all been for naught. It's going to go back and we're going to have to have an order that says you can't bifurcate the principal due and the interest due with a 304A finding, have to reach the whole judgment until we reach a final appealable order and be up there again. Unfortunately, it was pro se at the time this all went down and the time limits had passed and that was the situation we found ourselves in. But, as you state, if that order, the 304A order was improper and that order would be void, now the original judgment is void, but the order bifurcating the two issues would be void, then yes, you'd be disqualified. The 304A part's right. The rest of it's an order. It's an interlocutory order and you all can go back, it sounds like to me, and I'm almost thinking that if anybody feels the need to file a supplemental brief on this, you're welcome to, but what I'm thinking is that's an interlocutory order. 304A was improper, therefore, when this thing goes back down, you can, I suppose, try your darndest to convince the judge still, he can always change his mind on any interlocutory order, not say he will or he should, but I'm just saying, I'm not, the longer we talk, the more I'm convinced we don't have any jurisdiction. And that may be the case. It was addressed in my reply brief because the appellants raised this issue about 304A and what a great thing it was for him to come and bring this up. Well, it didn't really do him any favors, simply because of the fact he was pro se and he doesn't understand what the timelines are until he hires him. Well, you understand, the Supreme Court's made it clear to us, jurisdiction isn't discretionary in our favor. We either have it or we don't, and if we don't, we don't get to say, well, we ought to take it just to do this. No, I understand that very well. And because it's raisable at any time, 1401 doesn't really come into play as far as diligence or meritorious defenses. Jurisdiction is raisable at any time. Well, we've got our own duty to look at it. Correct, correct. And if you find that the 304A finding was not proper to confer jurisdiction, then, yes, we're back in the trial court, which would be fine, which would be fine because I think if the trial court with the aid of counsel looked at these things, he made the finding that it was payable on demand, but Justice O'Brien's questions about, well, wait a minute, just because you demand it doesn't mean he admits it's payable on demand, because he actually said the complete opposite. There was the question, well, there's no terms because it's oral and it would be up for Ken to bring it up. Ken said, it was payable when I was financially able, which is the opposite of payable on demand. Well, not exactly, because then the other side says, I think you're able, so pay. Right. And then he says, no, I'm not, so I'm not going to. And they say, okay, here, here's your summons, and away we go. I mean, even under those terms, in essence, there's got to be a demand. Even if there's no demand, I guess if the obligor goes and says, hey, you know what, I'm financially able, but I'm not going to pay you, and the obligee says, well, does nothing for five years, then you've got to. Right. The demand is different than payable on demand. We're talking about two different things. But the issue, then, is not being payable on demand, having made the demand, and they have to conclude, counsel says the only logical conclusion is that it's payable on demand. Well, that's not true. The only conclusion, period, is what Ken Doyle said in his letter, because it's a judgment on the pleadings, that's all the court can look at, was that it's payable when I'm financially able, which means, as you stated, we demand, we say you're financially able, you need to start making payments. Well, that gets to the trial court, and then it goes to the jury to figure out when financially able actually occurs. He doesn't actually say that in the letter. He says to be paid when I'm financially able. Where is he saying that? I'm looking at the letter of December 4th. I mean, he says at this time, I have no means by which to pay my any portion of the loan. I'm sorry, that's on, that's a, that is when he actually was ordered to file the answer. It's on A-9. Yeah, but that's not what we're looking at for the pleading that we're looking at. No. I know, now later pleading, after the judgment was entered. Correct. Okay, he says that, but in this letter, that's not what's said. Right, when he's ordered to file the answer, which would be when he's required to raise his affirmative defense. That's the thing filed in February. Correct, filed afterwards, but the only, the letter does say there's no provisions made for a repayment schedule. Now, whether that means financially able or there's no, I don't have to repay it ever. It was a gift because that's not a loan then if there's no repayment terms. That's just a gift. Yeah, I mean, I'm aware that the February thing says that, but like when you refer to the letter dated December 4th and filed in January, that's not what's said. And that's the pleading, that's the document they looked at in the judgment on the pleading motion. Correct, and he states in that letter of January, December 4th, that to his knowledge, he didn't see any reference to the loan because he had handled her business affairs. He doesn't see any reference to the loan in her last will and testament. He says, to my knowledge, all of her assets for estate were listed and directed at her disposal. It's unclear what her intent for the loan was, which he says in combination with that there's no provisions for a repayment schedule. I mean, there's no question that, you know, we've got a lot of sloppy procedural issues here because we have a pro se plaintiff. Thank you. Thank you both for your arguments here today. This matter will be taken under advisement and a written decision will be issued to you as soon as possible. All right, now let's stand in a brief recess for a panel change.